# MINUTES OF MEETING OF THE BOARD OF DIRECTORS

## RM RESTAURANT HOLDING CORP.

September 17, 2011

A meeting of the board of directors (the "Board") of RM Restaurant Holding Corp., a Delaware corporation (the "Company"), was held via teleconference commencing at 7:00 a.m. (PDT) on September 17, 2011. The directors present for the meeting were Mr. Jeff Campbell, Mr. Anthony Polazzi, Mr. Scott King, Mr. James B. Shein, Mr. Doug Werking, Mr. Lynn Skillen, and Mr. David Goronkin, constituting all of the directors of the Company. Mr. Rick Dutkiewicz, Executive Vice President and Chief Financial Officer, Ms. Edie Ames, Chief Operating Officer, Ms. Kathleen Burkett, Vice President and Controller, and Ms. Victoria Harvey, General Counsel and Secretary, also participated in the meeting. The following legal and financial advisors also participated in the meeting: Mr. Mark Shinderman and Mr. Adam Moses of the law firm Milbank, Tweed, Hadley & McCloy LLP, Mr. Marc Bilbao, Ms. Nicole Fry and Mr. Beau Roy of Imperial Capital, LLC, Mr. Jeffrey Reisner of Irell & Manella, LLP, and Mr. Gerald Chizever of Loeb & Loeb, LLP.

After a discussion, and upon motion duly made and seconded, the following resolutions were unanimously adopted:

> *WHEREAS,* the Board reviewed the materials presented by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and
>
> *WHEREAS,* the Board has had the opportunity to consult with management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company and the subsidiaries of the Company listed on attached Schedule A (the "Subsidiaries"), and has determined that it is desirable and in the best interests of the Company, the Subsidiaries, and their respective creditors, equityholders, employees and other parties-in-interest, that the Company and the Subsidiaries file or cause to be filed voluntary petitions for relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").
>
> *BE IT RESOLVED* that in the judgment of the Board, it is desirable and in the best interests of the Company, the Subsidiaries, and their respective creditors, equityholders, employees and other parties-in-interest, that the Company and the Subsidiaries file or cause to be filed voluntary petitions for relief under the provisions of Chapter

*11 of the Bankruptcy Code (the cases commenced thereby, the "Chapter 11 Cases"); and*

***BE IT FURTHER RESOLVED*** *that the officers of the Company be, and each of them hereby is, authorized and directed to execute and file, or cause to be filed, with the Bankruptcy Court, for the Company and the Subsidiaries (by and through the Company, as the sole member and/or equityholder, either directly or through one or more intermediate entities, of the Subsidiaries), all petitions, schedules, lists, motions, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain Chapter 11 bankruptcy relief or in connection with the Chapter 11 Cases, with a view to the successful prosecution of such Chapter 11 Cases; and*

***BE IT FURTHER RESOLVED*** *that the officers of the Company be, and each of them hereby is, authorized and directed to employ the law firm of Milbank, Tweed, Hadley & McCloy LLP as general bankruptcy counsel to represent and advise the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the bankruptcy court for authority to retain the services of Milbank, Tweed, Hadley & McCloy LLP; and*

***BE IT FURTHER RESOLVED*** *that the officers of the Company be, and each of them hereby is, authorized and directed to employ the firm of Pachulski Stang Ziehl & Jones as local counsel to represent and advise the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the bankruptcy court for authority to retain the services of Pachulski Stang Ziehl & Jones;*

*and **BE IT FURTHER RESOLVED** that the officers of the Company be, and each of them hereby is, authorized and directed to employ the firm of Imperial Capital, LLC as financial advisor to represent and assist*

the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the bankruptcy court for authority to retain the services of Imperial Capital, LLC; and

**BE IT FURTHER RESOLVED** that the officers of the Company be, and each of them hereby is, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims and balloting agent to assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the bankruptcy court for authority to retain the services of Epiq Bankruptcy Solutions, LLC; and

**BE IT FURTHER RESOLVED** that the officers of the Company be, and each of them hereby is, authorized and directed to employ any other professionals, including attorneys, accountants and tax advisors, necessary to assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary; and

**BE IT FURTHER RESOLVED** that the officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company and the Subsidiaries, to obtain post-petition financing, including under debtor-in-possession credit facilities, and to execute and deliver agreements regarding the use of cash collateral, on the terms and conditions presented to the Company and the Subsidiaries that such officers of the Company may consider necessary, proper or desirable, the execution thereof by such officers of the Company to be conclusive evidence of such determination, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company, the Subsidiaries and any other pertinent affiliates; and

***BE IT FURTHER RESOLVED*** that the officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company and the Subsidiaries to cause the Company and the Subsidiaries (i) to file a Chapter 11 plan or plans and attendant Disclosure Statements, and to prosecute and obtain confirmation of such plan or plans in the Chapter 11 Case and/or (ii) to sell some or substantially all of the Company's and the Subsidiaries' assets; and

***BE IT FURTHER RESOLVED*** that the officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company and its subsidiaries, to cause the Company and the subsidiaries to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Cases, including a sale of some or substantially all of the Company's and the Subsidiaries' assets, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and the Subsidiaries and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions; and

***BE IT FURTHER RESOLVED*** that officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company and the Subsidiaries to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and

***BE IT FURTHER RESOLVED*** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company and the Subsidiaries, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

*Intentionally Left Blank*

# SCHEDULE A

## Subsidiaries

1. Acapulco Restaurants, Inc.
2. El Torito Restaurants, Inc.
3. El Torito Franchising Company
4. El Paso Cantina, Inc.
5. Murray Pacific
6. TARV, Inc.
7. ALA Design, Inc.
8. Acapulco Restaurant of Westwood, Inc.
9. Acapulco Restaurant of Moreno Valley, Inc.
10. Acapulco Restaurant of Ventura, Inc.
11. Acapulco Restaurant of Downey, Inc.
12. Acapulco Mark Corp.
13. Real Mex Foods, Inc.
14. CKR Acquisition Corp.
15. Chevys Restaurants, LLC

There being no further business to come before the meeting, it was adjourned at 7:35 a.m. (PDT).

*Victoria Harvey*
Secretary

Attest:

*David Goronkin*
Chairman of the Board

MINUTES OF MEETING OF THE BOARD OF DIRECTORS

REAL MEX RESTAURANTS, INC.

September 17, 2011

A meeting of the board of directors (the "Board") of Real Mex Restaurants, Inc., a Delaware corporation (the "Company"), was held via teleconference commencing at 7:00 a.m. (PDT) on September 17, 2011. The directors present for the meeting were Mr. Jeff Campbell, Mr. Anthony Polazzi, Mr. Scott King, Mr. James B. Shein, Mr. Doug Werking, Mr. Lynn Skillen, and Mr. David Goronkin, constituting all of the directors of the Company. Mr. Rick Dutkiewicz, Executive Vice President and Chief Financial Officer, Ms. Edie Ames, Chief Operating Officer, Ms. Kathleen Burkett, Vice President and Controller, and Ms. Victoria Harvey, General Counsel and Secretary, also participated in the meeting. The following legal and financial advisors also participated in the meeting: Mr. Mark Shinderman and Mr. Adam Moses of the law firm Milbank, Tweed, Hadley & McCloy LLP, Mr. Marc Bilbao, Ms. Nicole Fry and Mr. Beau Roy of Imperial Capital, LLC, Mr. Jeffrey Reisner of Irell & Manella LLP, and Mr. Gerald Chizever of Loeb & Loeb, LLP.

A. Background Material

It was noted that, on September 16, 2011, the following documents were circulated for review and comment: (1) a draft of the September 14, 2011 Board of Directors Minutes; and (2) modified resolutions to the previously approved July 20, 2011 resolutions approving the Chapter 11 filings, in addition to a 363 sale (which were previously circulated on September 14, 2011).

B. Business Update and Discussion

Mr. Goronkin called the meeting to order at 7:00 a.m. (PDT).

The Board reviewed and unanimously approved the Minutes for the September 14, 2011 Board of Directors meeting.

Mr. Bilbao and Mr. Shinderman presented and the Board discussed the following with the financial and legal advisors: (1) the status of the DIP and 363 sale proposal received from the bondholders; (2) the DIP proposal from GE; (3) continuing discussions with the capital structure participants concerning the DIP and 363; (4) the need to continue to pursue alternatives to a consensual resolution of pending issues; (5) the Board's continuing obligation to maximize the value of the Company; (6) cash collateral; (7) tasks in general and timing (including: statement of financial affairs, schedules of assets and liabilities, use of Epiq to assist with data preparation), and (8) the professionals' and Company management's views that preparing for and commencing a bankruptcy case likely was the only prudent course given capital constraints, issues created by the capital structure and valuation of the Company and its assets.

C.  Resolutions Presented

After further discussion, and upon motion duly made and seconded, the following resolutions were unanimously adopted (also adopted by the Board of Directors of RM Restaurant Holdings Corp.):

> *WHEREAS, the Board reviewed the materials presented by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and*
>
> *WHEREAS, the Board has had the opportunity to consult with management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company and the subsidiaries of the Company listed on attached Schedule A (the "Subsidiaries"), and has determined that it is desirable and in the best interests of the Company, the Subsidiaries, and their respective creditors, equityholders, employees and other parties-in-interest, that the Company and the Subsidiaries file or cause to be filed voluntary petitions for relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").*
>
> *BE IT RESOLVED that in the judgment of the Board, it is desirable and in the best interests of the Company, the Subsidiaries, and their respective creditors, equityholders, employees and other parties-in-interest, that the Company and the Subsidiaries file or cause to be filed voluntary petitions for relief under the provisions of Chapter 11 of the Bankruptcy Code (the cases commenced thereby, the "Chapter 11 Cases"); and*
>
> *BE IT FURTHER RESOLVED that the officers of the Company be, and each of them hereby is, authorized and directed to execute and file, or cause to be filed, with the Bankruptcy Court, for the Company and the Subsidiaries (by and through the Company, as the sole member and/or equityholder, either directly or through one or more intermediate entities, of the Subsidiaries), all petitions, schedules, lists, motions, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain Chapter 11 bankruptcy relief or in connection with the Chapter 11 Cases, with a view to the successful prosecution of such Chapter 11 Cases; and*

*BE IT FURTHER RESOLVED* that the officers of the Company be, and each of them hereby is, authorized and directed to employ the law firm of Milbank, Tweed, Hadley & McCloy LLP as general bankruptcy counsel to represent and advise the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the bankruptcy court for authority to retain the services of Milbank, Tweed, Hadley & McCloy LLP; and

*BE IT FURTHER RESOLVED* that the officers of the Company be, and each of them hereby is, authorized and directed to employ the firm of Pachulski Stang Ziehl & Jones as local counsel to represent and advise the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the bankruptcy court for authority to retain the services of Pachulski Stang Ziehl & Jones;

and *BE IT FURTHER RESOLVED* that the officers of the Company be, and each of them hereby is, authorized and directed to employ the firm of Imperial Capital, LLC as financial advisor to represent and assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations in connection with the Chapter 11 Cases and with any post-petition financing; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the bankruptcy court for authority to retain the services of Imperial Capital, LLC; and

*BE IT FURTHER RESOLVED* that the officers of the Company be, and each of them hereby is, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims and balloting agent to assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, the officers of

*the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the bankruptcy court for authority to retain the services of Epiq Bankruptcy Solutions, LLC; and*

***BE IT FURTHER RESOLVED*** *that the officers of the Company be, and each of them hereby is, authorized and directed to employ any other professionals, including attorneys, accountants and tax advisors, necessary to assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary; and*

***BE IT FURTHER RESOLVED*** *that the officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company and the Subsidiaries, to obtain post-petition financing, including under debtor-in-possession credit facilities, and to execute and deliver agreements regarding the use of cash collateral, on the terms and conditions presented to the Company and the Subsidiaries that such officers of the Company may consider necessary, proper or desirable, the execution thereof by such officers of the Company to be conclusive evidence of such determination, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company, the Subsidiaries and any other pertinent affiliates; and*

***BE IT FURTHER RESOLVED*** *that the officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company and the Subsidiaries to cause the Company and the Subsidiaries (i) to file a Chapter 11 plan or plans and attendant Disclosure Statements, and to prosecute and obtain confirmation of such plan or plans in the Chapter 11 Case and/or (ii) to sell some or substantially all of the Company's and the Subsidiaries' assets; and*

***BE IT FURTHER RESOLVED*** *that the officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company and its subsidiaries, to cause the Company and the subsidiaries to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such*

*other action, as in the judgment of such officer shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Cases, including a sale of some or substantially all of the Company's and the Subsidiaries' assets, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and the Subsidiaries and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions; and*

***BE IT FURTHER RESOLVED*** *that officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company and the Subsidiaries to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and*

***BE IT FURTHER RESOLVED*** *that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company and the Subsidiaries, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.*

*Intentionally Left Blank*

# SCHEDULE A

## Subsidiaries

1. Acapulco Restaurants, Inc.
2. El Torito Restaurants, Inc.
3. El Torito Franchising Company
4. El Paso Cantina, Inc.
5. Murray Pacific
6. TARV, Inc.
7. ALA Design, Inc.
8. Acapulco Restaurant of Westwood, Inc.
9. Acapulco Restaurant of Moreno Valley, Inc.
10. Acapulco Restaurant of Ventura, Inc.
11. Acapulco Restaurant of Downey, Inc.
12. Acapulco Mark Corp.
13. Real Mex Foods, Inc.
14. CKR Acquisition Corp.
15. Chevys Restaurants, LLC

Date for Next Formal Board Meeting

The next BOD meeting was scheduled on September 20, 2011 at 4 p.m. (PDT).

There being no further business to come before the meeting, it was adjourned at 7:35 a.m. (PDT).

_____
Victoria Harvey
Secretary

Attest:

_____
David Goronkin
Chairman of the Board